**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | 1:07-cr-285-WSD |
| JIMMIE LEE JONES, | |
| Defendant. | |

**OPINION AND ORDER**

This matter is before the Court on Defendant Jimmie Lee Jones's ("Jones") Motion to Withdraw Guilty Plea [13].

**Background**

Jones, also known as "Mike Spade," was indicted for various crimes related to forced prostitution, including peonage, extortionate collection of credit, and sex trafficking of minors. Jones began the proceedings against him represented by counsel, however, on February 14, 2007, after an extensive Farretta hearing, Jones was permitted to proceed *pro se*. Stephanie Kearns, an experienced attorney with the Federal Defender Program, was appointed as standby counsel in Jones's case.

Trial in Jones's case began on August 23, 2007. On August 27, 2007, the second day of trial, Jones agreed, pursuant to a negotiated plea agreement, to plead

guilty to a criminal information alleging one count of conspiracy to engage in commercial sex acts through force, and one count of transporting minors in interstate commerce with intent for the minor to engage in prostitution.

On August 27, 2007, the Court conducted a change of plea hearing.[1]  At the hearing, Jones advised the Court that he is 31 years old and attended a year of college at Stillman College.  Jones stated specifically that he understood the rights and matters addressed in Rule 11(b) of the Federal Rules of Criminal Procedure, including his right against self-incrimination, the elements and nature of the charges to which he sought to plead, his right to counsel, the minimum and maximum applicable penalties, fines, and term of supervised release for the charges to which he sought to plead, his right to a trial, and those rights associated with his right to trial.

Jones stated he had discussed his decision to plead guilty with Ms. Kearns, his standby counsel, and Ms. Kearns participated substantially in the change of plea hearing.  The Court addressed the statutory maximum sentences for the charges in the information at length, and Jones stated that he understood the

---

[1] This Court conducts extended change of plea hearings.  The hearings usually last 45 minutes to an hour.

2

maximum punishment authorized.  Jones also stated that he understood that the sentence for the charges could run consecutively, giving him a total maximum sentence of 15 years, or 180 months.  Jones also stated that he understood that the government recommended a 180-month sentence.

Jones stated he understood the function and purpose of the sentencing guidelines, the sentencing process, and that he would not be allowed to withdraw his plea even if he received a sentence greater than he expected.

Jones also admitted the conduct underlying the charges in the information, specifically, that he: (1) was engaged in a conspiracy to lure and recruit minor and adult victims into prostitution with promises of legitimate modeling or exotic dancing work, and then used threats, physical coercion, and deception to force them to engage into acts of prostitution and to extort weekly sums from them; and (2) knowingly transported or attempted to transport a minor in interstate commerce intending for the minor to engage in prostitution.

The Court entered findings that Jones was competent to enter his plea and that the plea was voluntary, knowing, and had a factual basis.  The plea was

accepted and Jones was adjudged guilty of the counts in the information. Sentencing was set for November 20, 2007.

On November 9, 2007, Jones filed his *pro se* Motion to Withdraw Plea. Jones raised three arguments for withdrawing his guilty plea: (1) that he was "mislead" into believing that he would be subject to a total maximum sentence of ten years; (2) that he felt "compelled" to agree to the factual allegations set forth in the information because otherwise "the plea agreement most likely would not be accepted by the presiding judge"; and (3) the Government unilaterally and "unconstitutionally" determined a sentencing guideline range of 120-180 months.

**Discussion**

Rule 11(d)(2)(B) of the Federal Rules of Criminal Procedure provides that a defendant may withdraw a plea of guilty after the court accepts the plea, but before sentencing if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P 11(d)(2)(B). From the plain language of the statute, there is no absolute right to withdraw a guilty plea. United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994). Before a plea may be withdrawn a defendant must meet his burden of establishing a fair and just reason for withdrawal. See United States v. Cesal, 391 F.3d 1172, 1179 (11th Cir. 2004); vacated on other grounds at

345 U.S. 1101 (2005), reinstated at 2005 WL 1635303 (11th Cir., July 13, 2005). See also, United States v. Buckles, 843 F.2d 469, 472 (11th Cir. 1998).

The Court determines whether a "fair and just" reason for withdrawal exists under the "totality of the circumstances surrounding the plea, including the following factors: (1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea. Cesal, 391 F.3d at 1179. The "timing of a defendant's attempted plea withdrawal is highly probative of motive, [so] close scrutiny of the chronology is important in adjudicating whether retraction is fair and just." United States v. Doyle, 981 F.2d 591, 595 (1st Cir. 1992). See also United States v. Parrilla-Tirado, 22 F.3d 368, 373 (1st Cir. 1994) (delayed requests disfavored); United States v. Michaelson, 552 F.2d 472, 476 (2d Cir. 1977) (a defendant's change of heart after viewing Presentence Report insufficient reason to withdraw). A defendant does not have a right to withdraw a plea when he admitted factual guilt, even if he later suggests he is innocent. See United States v. Rogers, 848 F.2d 166, 166-67 (11th Cir. 1988). Whether to allow

a defendant to withdraw a guilty plea is left to the sound discretion of the trial judge.  Cesal, 391 F.3d at 1179.

Examining the totality of the circumstances in this case, Jones has not shown a fair and just reason to withdraw his plea.  Although Jones elected to proceed *pro se*, he had the benefit of able and experienced standby counsel at trial, and, specifically, in negotiating the present plea agreement and during the change of plea hearing.

Jones's plea was knowing and voluntary.  Jones admitted facts to support each element of the crimes charged in the Information.  Jones does not now claim that he is innocent of those crimes or that the admitted facts are untrue, but rather that he would not have pled to them if he had understood that he could be sentenced to 180 months in prison.  The record of the plea hearing precludes any argument that Jones did not understand the possibility of a 180 month maximum sentence.  At the change of plea hearing, the Court asked for a summary of the plea agreement, which the Government provided, stating, in part:

> The parties have agreed that the appropriate guideline range is somewhere between 120 and 180 months.  This means that the government has agreed to recommend the defendant be sentenced to a term of imprisonment of 180 months.  This represents the five-year statutory maximum

>>sentence for Count One and the ten-year statutory
>>maximum sentence for County Two of the information
>>running consecutively.

(Tr. at 13-14.)

Jones affirmed that he understood that this was an accurate summary of the plea agreement. (Id. at 22.) The Court inquired into whether any other representations or promises had been made to Jones regarding the consequences of his plea. He stated that none had:

>>THE COURT:    Is there any promise that's been made
>>              to you other than the promises that are
>>              set forth in the plea agreement?
>>DEFENDANT:    No, your honor.
>>THE COURT:    Has anybody promised to you what
>>              your actual sentence will be?  I know
>>              there is some discussion about ranges
>>              in the plea agreement, but has
>>              anybody said, well, here is what you
>>              are actually going to get?  Has
>>              anybody promised that to you?
>>DEFENDANT:    No, your honor.

(Id. at 22-23.)

Later in the hearing, the Court again addressed sentencing, stating that Count One of the information carried a maximum sentence of five years and that Count Two carried a maximum sentence of ten years. (Id. at 29.) The Court asked:

7

|              |                                                                                                                                                 |
|--------------|-------------------------------------------------------------------------------------------------------------------------------------------------|
| THE COURT:   | Do you agree that those are the maximum punishments that can be imposed based on a conviction on those two counts? |
| DEFENDANT:   | Yes, your honor. |
| THE COURT:   | And do you understand that I could in fact impose the maximum authorized punishment based on your plea of guilty to those two counts? |
| DEFENDANT:   | Yes, your honor. |

(Id. at 30.)

The plea hearing record also establishes that Jones was not coerced into entering a plea. Jones does not claim to be coerced to admitting facts that are not true, but only that he felt pressure to admit to facts the consequences of which he claims he did not fully appreciate, because otherwise the Court would not accept his plea.

The Court, however, explained the potential consequences of the plea to Jones with clarity and detail, and he acknowledged understanding the sentencing consequences of his plea on several occasions. Jones also acknowledged, under oath, that he was not coerced into entering a plea:

|              |                                                                                                                                                 |
|--------------|-------------------------------------------------------------------------------------------------------------------------------------------------|
| THE COURT:   | Has anybody threatened or forced you to plead guilty to the charges in the information? |
| DEFENDANT:   | No, your honor. |
| THE COURT:   | Has anybody said that if you don't plead to these charges, that even |

8

|  |  |
|---|---|
|  | additional charges will be brought against you?  Has anybody said that there are other charges that are growing [sic] to be brought? |
| DEFENDANT: | No, your honor. |
| THE COURT: | Has anybody threatened any other adverse action against you if you don't plead guilty? |
| DEFENDANT: | No, your honor. |

(Id. at 22.)

The Court finds its resources would not be conserved by permitting Jones to withdraw his guilty plea.  Jones's case has already consumed substantial Court resources, including empaneling a jury, which ultimately had to be dismissed, and conducting two days of trial.  Permitting Jones to withdraw his plea for the reasons he presented–almost all of which concern sentencing–would force the Court to replicate the work and effort already put into this case, including the possibility of having to conduct further pretrial proceedings, empaneling another jury, and conducting another trial.

The government would be prejudiced if the Court permitted Jones to withdraw his appeal.  The memory of the government's witnesses will, inevitably, have been impacted negatively by the passage of time.  Many of the government's witnesses are Jones's victims.  These young women have already steeled themselves to face Jones once, only to be told that the case was resolved, that he

had admitted guilt, and that he would face punishment.  The emotional and psychological impact of telling these witnesses that this case must begin anew, and that they must again prepare themselves to testify, is a significant issue.  There is a non-trivial probability that one or more of these young women will find themselves emotionally unable to prepare for a second start of trial, which could adversely impact their testimony and the government's case.

Jones's argument regarding the constitutionality of the guideline range discussed at the plea hearing is not grounds for the Court to permit withdrawal of his plea.  The Court expressly told Jones that the sentencing guidelines are advisory, and that his sentence was entrusted to the Court's sole discretion.  Jones was further advised, and he acknowledged understanding, that his guideline range would be calculated by a probation officer in the presentencing report, and that the Court would enter findings and determine what guideline range applies before determining and entering a sentence.  The government did not, as Jones alleges, determine the guideline range Jones faces.

The Court notes that Defendant did not seek to withdraw his plea until after the presentence report had been issued.  The "timing of a defendant's attempted plea withdrawal is highly probative of motive, [so] close scrutiny of the

chronology is important in adjudicating whether retraction is fair and just." Doyle, 981 F.2d at 595.  Considering the time and manner of the Jones's request to withdraw his plea, the Court concludes that the Jones intends only to delay the imposition of his sentence, or, at best, that he hopes to gain some form of leverage, perhaps to cut a more advantageous plea deal.

For all of these reasons, the Court concludes, based on the totality of the circumstances, that Jones has not shown a fair and just reason to allow the withdrawal of his plea.

Accordingly, and for the reasons discussed above,

**IT IS HEREBY ORDERED** that Defendant's Motion to Withdraw Plea [13] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant shall be sentenced at 9:30 a.m. on Thursday, January 24, 2008, in Courtroom 1705.

**SO ORDERED** this 2nd day of January, 2008.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE