IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **CRIMINAL INFORMATION** |
| | : | No. 1:07-CR-285-WSD |
| **JIMMIE LEE JONES** | : | |
| a.k.a. Mike Spades | : | |
|     Defendant. | : | Sentencing Date: January 24, 2008 |

**GOVERNMENT'S ADDENDUM TO SENTENCING MEMORANDUM**

In light of the Sentencing Memorandum filed on behalf of Jimmy Jones which raised the issue of the multiple count adjustments, the United States of America, by and through its attorneys, Assistant United States Attorney Susan Coppedge and Department of Justice Trial Attorney Karima Maloney, hereby submits this additional memorandum in aid of sentencing to address said sentencing issue.

**Multiple Count Adjustment.**

The multiple count adjustment does apply pursuant to U.S.S.G. § 1B1.2 and § 3D1.4. Pursuant to U.S.S.G. § 1B1.2(d): " A conviction on a count charging conspiracy to commit more than one offense shall be treated as if the defendant had been convicted on a separate count of conspiracy for each offense that the defendant conspired to commit." Defendant Jones pled guilty in Count 1 of the Information to conspiring to violate 18 U.S.C. 1591 with respect to <u>eight</u> separate and identified victims. Thus, there are eight separate offenses that need to be accounted for under U.S.S.G. § 1B1.2(d) and calculated pursuant to Chapter 3, Multiple Counts.

-1-

The Eleventh Circuit addressed this issue in United States v. Torrealba, 339 F.3d 1238 (11th Cir. 2003), noting "there are two provisions of the sentencing guidelines that allow a sentencing court to divide a count into several groups for sentencing." 339 F.3d at 1242 (identifying U.S.S.G. § 1B1.2(d) and § 3D1.2 and *quoting* United States v. Hersh, 297 F.3d 1233, 1248 (11th Cir. 2002)). The Court focused on the commentary to 3D1.2 and did not reach the second method of determining the offense level for closely related counts under U.S.S.G. § 1B1.2. However, the governing principals are the same.[1] Essentially, when the heart of the offense is injury to a person, "the offense against *each* human victim belongs in a *different* group . . ." Torrealba, 339 F.3d at 1243 (*quoting* United States v. Jose-Gonzalez, 291 F.3d 697, 707 (10th Cir. 2002)). Throughout Chapter 3D and Chapter 1B the Guidelines are clear that offenses having different human victims should be treated separately and not grouped together. If an offense or offenses involve different victims, grouping is discouraged as to group the harm caused to multiple individuals would "require departure in many cases in order to capture adequately the criminal behavior. Cases involving injury to distinct victims are sufficiently comparable, whether or not the injuries are inflicted in distinct transactions, so that each count should be treated separately rather than grouped together." U.S.S.G. § 3D1.2, n.8. See also U.S.S.G. § 3D1.2(d) (discussing groups of closely related counts and stating that "exclusion of an offense from grouping under this section does not necessarily preclude grouping under another subsection."). In order to adequately capture the full extent of defendant Jones criminal behavior, the victims must be treated separately.

---

[1] Following the letter of the guidelines, the separate victims of the conspiracy in this case do not group under § 3D1.2 as the underlying substantive offense for which defendant Jones was convicted, 18 U.S.C. § 2421 is not the same as the conspiracy offense, 18 U.S.C. § 1591. Thus, note 8 to U.S.S.G. § 3D1.2 does not apply. However, U.S.S.G. § 1B1.2 does apply and supports the rationale discussed in Chapter 3 of focusing on whether offenses involve different victims.

The Ninth Circuit agreed with this Circuit's reasoning in Torrealba and found that 23 victims who were held hostage suffered separate harms and the district court did not err in treating the taking of *each* hostage as a separate offense under §§ 3D1.2 and 1B1.2(d) and dividing the conspiracy conviction into 23 separate count groups. United States v. Melchor-Zaragoza, 351 F.3d 925, 927-28 (9th Cir. 2003)(discussing Torrealba at length). Once U.S.S.G. § 1B1.2 is applied and the multiple victims identified in the conspiracy count are treated as separate counts of conspiracy, then the calculation of the combined offense level is accomplished by reference to U.S.S.G. § 3D1.4 for determining offense levels for each group of closely related counts as was done in the PSR, paragraphs 242-253. See U.S.S.G. § 1B1.1(d).

Thus, pursuant to U.S.S.G. § 1B1.2(d), the PSR correctly calculated the combined adjusted offense level by referring to the multiple count rules.

<div style="margin-left: 3em;">
Respectfully submitted,  
DAVID E. NAHMIAS  
UNITED STATES ATTORNEY  

_____  
/s/ SUSAN COPPEDGE  
Assistant United States Attorney  
Georgia Bar NO. 187251  

KARIMA MALONEY  
Department of Justice, Civil Rights Division  
Trial Attorney  
Texas Bar # 24041383
</div>

## CERTIFICATE OF SERVICE

This is to certify that I will serve the Defendant, Mr. Jimmie Jones, on January 24, 2008 via hand delivery.

I have served stand-by counsel, Stephanie Kearns, by filing the forgoing motion electronically on January 23, 2008.

/s/ Susan Coppedge
ASSISTANT UNITED STATES ATTORNEY